UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

STEVEN EIDEN,

                                          Plaintiff,

    -against-

COUNTY OF NASSAU, MICHAEL SCHWARTZ,
Individually, NESTOR CASTRO, Individually,
NICHOLAS BRENGEL, Individually, SABRINA GREGG,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                      Defendants,
-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

      Plaintiff STEVEN EIDEN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff STEVEN EIDEN is a twenty-one year old man residing in Holbrook, New York.

7.      Defendant COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant COUNTY OF NASSAU maintains the Nassau County Police Department (hereinafter referred to as "NCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF NASSAU.

9.      That at all times hereinafter mentioned, the individually named defendants MICHAEL SCHWARTZ, NESTOR CASTRO, NICHOLAS BRENGEL, SABRINA GREGG, and JOHN and JANE DOE 1 through 10, were duly sworn police officers, police medics, and/or Ambulance Medical Technicians ("AMT")[1] of said police department and/or of said county and were acting under the supervision of said department and/or said county and according to their official duties.

---

[1] Defendants' actual titles and positions are as of yet unknown to the plaintiff.  Some of the defendants arrived by ambulance and presented themselves as police medics or "AMT"s while other defendants arrived separately and presented themselves as police officers.  Notably, defendant SCHWARTZ is identified multiple ways in the underlying criminal complaint, CR#216CR0063339, as, "AMT Police Medic," "police medic for the Nassau County Police Department," and as "a sworn member of the Nassau County Police Department." "Police Medic" is used in this complaint for uniformity.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF NASSAU.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

## FACTS

12. On December 7, 2016, at approximately 10:42 p.m., plaintiff STEVEN EIDEN, was lawfully present inside of 231 St. Brigid's Lane, Westbury, New York, when he was unjustifiably battered, tasered, falsely arrested, and thereafter maliciously prosecuted by the defendants.

13. Said location is the Westbrook Residential Program, hereinafter "Westbrook," a special needs residential facility and high-school for students with autism, learning disabilities, and co-existing psychiatric diagnoses. Plaintiff was a resident of Westbrook at the time.

14. Plaintiff has suffered from severe developmental, learning, and psychiatric disabilities since early childhood. His diagnoses over time have included severe Autism, Pervasive Developmental Disorder, Asperger's Disorder, Obsessive Compulsive Disorder, Oppositional Defiant Disorder, Attention Deficit Hyperactivity Disorder; mood disorders, and panic attacks.

15. Defendants were at Westbrook in response to a 911 call for the plaintiff who had been unresponsive to verbal cues and painful stimuli for approximately seven (7) minutes following a fall.

16. Plaintiff was responsive by the time defendants arrived.

17.   At the aforementioned date and time, plaintiff was sitting calmly on the floor in a hallway, slouching, with his back resting against a wall.

18.   Plaintiff's hands were empty and in his lap as he sat neither moving nor speaking.

19.   At this time, Westbrook Residential Counselor Leanora Vanderdrift, who is not a party to this action, walked over to the plaintiff to reprimand him, telling him in sum and substance, that he couldn't have his cell phone back because he had been uncooperative.

20.   Plaintiff, while still sitting, flung himself to the floor with both his hands firmly on his own head.

21.   Immediately at least three of the defendants, believed to include defendants CASTRO, SCHWARTZ, and BRENGEL, needlessly and unreasonably pounced on the plaintiff, who was in a contorted semi-fetal position, and proceeded to violently arrest him.

22.   Defendants started violently grabbing, yanking, pushing, and pulling plaintiff about his body from all sides while also dragging him in various positions, including face down, back down, and side down.

23.   As they were roughly manipulating plaintiff throughout Westbrook's hallways in this manner, defendants discharged two Taser rounds into the plaintiff's lower back causing him to scream in pain.

24.   Plaintiff, whose disabilities effect, *inter alia,* emotional regulation, has a well-documented history of falling or throwing himself to the floor as a way of expressing that he is upset.

25.   Defendants deliberate disregarded plaintiff's serious medical needs, and otherwise knew or should have been well aware they were responding to a residential facility serving high-school aged individuals with developmental and psychiatric disabilities, and that the plaintiff was

one of those individuals in the midst of a medical crisis.

26. Plaintiff was handcuffed and transported in a wheel chair via ambulance to Nassau University Medical Center and imprisoned therein. Plaintiff remained in the defendants' custody throughout his medical and psychiatric evaluations and treatment.

27. Defendant Sergeant Sabrina Gregg was the supervisor assigned to respond to the scene.

28. The defendants continued to imprison plaintiff until December 8, 2016, when plaintiff was arraigned in the First District-District Court on baseless charges filed under docket number 216CR0063339, said charges having been filed based on the false allegations of the defendant officers and defendant medics.

29. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff without probable cause.

30. The defendant officers created and manufactured false evidence which defendant NESTOR CASTRO conveyed to the Nassau County District Attorney's office which used the same against plaintiff in the aforementioned legal proceeding. Specifically, the defendants conveyed false allegations that plaintiff assaulted defendant MICHAEL SCHWARTZ by repeatedly punching him in the head while said medic was treating the plaintiff.

31. As a result of the defendants' misconduct, plaintiff was compelled to return to court on numerous occasions, until June 12, 2017, when all the false charges lodged against plaintiff were dismissed and sealed, and the proceedings were otherwise terminated in Mr. Eiden's favor.

32. The individually named defendants directly participated in the above illegal acts, or otherwise failed to intervene, despite a meaningful opportunity to do so, and/or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

33. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the County of Nassau, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of conducting aided responses, of falsely arresting individuals, of engaging in falsification, conducting lax investigations of police misconduct, and of covering up abuse by fellow officers. Specifically, the County of Nassau has failed to train its police officers and medics in how to properly deescalate and not otherwise lose their temper when citizens with special needs are exhibiting the symptoms of their disabilities.

34. The aforesaid event is not an isolated incident. Defendant COUNTY OF NASSAU is aware from lawsuits, notices of claims, complaints field with the NCPD's Internal Affairs Bureau, and with the COUNTY OF NASSAU, and extensive media coverage that many NCPD officers, including the defendants engage in a practice of falsification to justify unlawful arrests, and engage in cover ups of police abuse.

35. Defendant COUNTY OF NASSAU is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant COUNTY OF NASSAU has failed to take corrective action. This failure caused the defendants in the present case to violate the plaintiff's civil rights.

36. Moreover, upon information and belief, defendant COUNTY OF NASSAU was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers and/or police medics. Despite such notice, defendant COUNTY OF NASSAU has retained these officers and/or medics, and failed to adequately train and supervise them

37. All of the aforementioned acts of defendants, their agents, servants and employees

6

were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiff STEVEN EIDEN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and/or police medics, with the entire actual and/or apparent authority attendant thereto.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff STEVEN EIDEN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The individually named defendants arrested plaintiff STEVEN EIDEN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44. The individually named defendants caused plaintiff STEVEN EIDEN to be falsely

arrested and unlawfully imprisoned.

45. As a result of the foregoing, plaintiff STEVEN EIDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff STEVEN EIDEN'S constitutional rights.

48. As a result of the aforementioned conduct of defendants, plaintiff STEVEN EIDEN was subjected to excessive force and sustained serious physical injuries and emotional distress.

49. As a result of the foregoing, plaintiff STEVEN EIDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violations of § 202 of the Rehabilitation Act and § 504 of the Rehabilitation Act)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Plaintiff STEVEN EIDEN qualifies as a person with a mental impairment that substantially limits one or more of the major life activities of such individual, or in the alternative as an individual with a record of such impairment.

52. The above-described conduct amounts to discrimination against plaintiff STEVEN EIDEN that violates § 202 of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act.

53. As a result of the foregoing, plaintiff STEVEN EIDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The individually named defendants had an affirmative duty to intervene on behalf of plaintiff STEVEN EIDEN, whose constitutional rights were being violated in their presence by other officers.

56. The individually named defendants failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiff STEVEN EIDEN'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

58. As a result of the foregoing, plaintiff STEVEN EIDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Nassau County District Attorneys' office.

61. The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about June 12, 2017.

62. As a result of the foregoing, plaintiff STEVEN EIDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants created false evidence against plaintiff STEVEN EIDEN.

65. Defendants utilized this false evidence against plaintiff STEVEN EIDEN in legal proceedings.

66. As a result of defendants' creation and use of false evidence, plaintiff STEVEN EIDEN suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

67. As a result of the foregoing, plaintiff STEVEN EIDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

70. As a result of the foregoing, plaintiff STEVEN EIDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against the County of Nassau)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

73. The aforementioned customs, policies, usages, practices, procedures and rules of defendant COUNTY OF NASSAU via the Nassau County Police Department included, but were

not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff STEVEN EIDEN'S rights as described herein.  As a result of the failure of COUNTY OF NASSAU to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF NASSAU has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff STEVEN EIDEN.

75. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff STEVEN EIDEN as alleged herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the moving force behind the Constitutional violations suffered by plaintiff EIDEN as alleged herein.

77. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department, plaintiff STEVEN EIDEN was unlawfully arrested, subjected to excessive force, maliciously prosecuted, and deprived of his right to fair trial.

78. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff STEVEN EIDEN'S constitutional rights.

79. All of the foregoing acts by defendants deprived plaintiff STEVEN EIDEN of federally protected rights, including, but not limited to, the right:

  A. To be free from false arrest/unlawful imprisonment;

  B. To be free from excessive force;

  C. To be free from discrimination;

  D. To be free from failure to intervene;

  E. To be free from malicious prosecution; and

  F. To be free from the deprivation of the right to a fair trial.

80. As a result of the foregoing, plaintiff STEVEN EIDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff STEVEN EIDEN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
   July 3, 2019

          BRETT H. KLEIN, ESQ., PLLC
          Attorneys for the Plaintiff STEVEN EIDEN
          305 Broadway, Suite 600
          New York, New York 10007
          (212) 335-0132

      By: *Brett Klein*
          BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

STEVEN EIDEN,

                                                    Plaintiff,

     -against-

COUNTY OF NASSAU, MICHAEL SCHWARTZ,
Individually, NESTOR CASTRO, Individually,
NICHOLAS BRENGEL, Individually, SABRINA GREGG,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                              Defendants,
--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132